UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MATTHEW KING,<br><br>    Plaintiff<br><br>v.<br><br>STATE OF NEVADA, et. al.,<br><br>    Defendants | Case No.: 3:17-cv-00606-MMD-WGC<br><br>**Report & Recommendation of<br>United States Magistrate Judge**<br><br>Re: ECF No. 22 |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Plaintiff's Motion for Leave to File a Second Amended Complaint and Proposed Second Amended Complaint. (ECF Nos. 22, 22-1.) Defendant Connie Bisbee filed a notice of non-opposition. (ECF No. 24.)

After a thorough review, it is recommended that Plaintiff's motion be denied and that this action be dismissed with prejudice because the current defendant and defendants Plaintiff seeks to add in the proposed second amended complaint are immune from suit.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (First Am. Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison. (*Id.*)

The court screened Plaintiff's first amended complaint, and allowed him to proceed with a single equal protection claim against defendant Nevada Parole Commissioner Connie Bisbee based on the allegation that Bisbee added a point to his parole risk assessment because of his male gender, and therefore treated him differently from female inmates who were also having their parole risks assessed. (ECF No. 7.) The other claims were dismissed with prejudice.

On March 21, 2019, Plaintiff filed this motion seeking leave to file a second amended complaint in order to add current and former members of the Nevada Parole Commission as defendants. (ECF No. 22.) In particular, he seeks to add Nevada Parole Board Commission members Ed Gray, Christopher Dericco, Michael Keeler, Tony Corda, Adam Endel, and Susan Jackson. (ECF No. 22-1.) As he did in the first amended complaint, he seeks monetary damages as relief in the proposed second amended complaint.

## II. DISCUSSION

While Federal Rule of Civil Procedure 15(a)(2) dictates that leave to amend be given freely, the court need not grant leave to amend where amendment would be futile. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation omitted); *Carrico v. City & County of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (leave to amend may be denied if the proposed amended is futile or would be subject to dismissal). Before discovery is complete, a proposed amendment is "futile" only if it is clear "that the complaint could not be saved by any amendment." *Frainski v. State of Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Ed.*, 616 F.3d 963, 972 (9th Cir. 2010).

On undertaking another review of the first amended complaint and proposed second amended complaint, the court finds that amendment would be futile and that this action should be dismissed with prejudice.

Plaintiff sues Connie Bisbee, a member of the Nevada Board of Parole Commissioners, and his proposed second amended complaint names Bisbee as well as other members of the board. He alleges that they violated his equal protection rights by adding a point to his risk assessment score because of his male gender.

While the court determined on screening that the allegations stated a colorable equal protection claim, the parole board officials Plaintiff sues are immune from suit.

The Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." *Sellars v. Procunier,* 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). This is based on an analysis that the parole board members serve in a quasi-judicial function, and so like judges, are entitled to absolute immunity for conduct undertaken with respect to parole determinations. *Sellars*, 641 F.3d at 1302-03. The immunity does not extend to conduct "taken outside an official's adjudicatory role." *Anderson v. Boyd*, 714 F.2d 906, 909-10 (9th Cir. 1983), *abrogated in part by Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004) (holding parole officers not entitled to absolute immunity when investigating parole violations, ordering the issuance of a parole hold or orchestrating a parolee's arrest, or recommending initiation of revocation proceedings).

Plaintiff's allegations are that the defendants here improperly relied on gender as a factor in denying him parole. This is exactly the type of quasi-judicial function parole board members engage in that entitles them to absolute immunity under *Sellars*.

*Sellars* considered the fact that "absolute immunity for parole board officials does leave the genuinely wronged prisoner without civil redress against the official whose malicious or dishonest actions deprive the prisoner of liberty." *Sellars*, 641 F.3d at 1303. The court reasoned,

however, that because "parole board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole," the broader public interest is best served by granting parole board officials the absolute immunity given to judges. The court explained: "If parole board officials had to anticipate that each time they rejected a prisoner's application for parole, they would have to defend that decision in federal court, their already difficult task of balancing the risk involved in releasing a prisoner whose rehabilitation is uncertain against the public's right to safety would become almost impossible." *Id*. In addition, "time spent in depositions and on the witness stand defending their actions would leave these overburdened public servants with even less time to perform their crucial tasks." *Id*.

This does not leave Plaintiff without any way to seek relief because to the extent he claims the parole board members improperly relied on his gender in reaching a decision, he may file a petition for writ of habeas corpus. *See e.g. Elliott v. United States,* 572 F.2d 238, 239 (1978) (per curiam). In addition, Nevada's statutory parole scheme requires the board to schedule a rehearing upon the denial of parole. NRS 213.142.1.

In addition, the parole board members would also be entitled to qualified immunity because there was no clear legal authority regarding a right to equal protection of the laws insofar as gender is considered a factor in a parole determination. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (en banc), *cert. denied*, 137 S.Ct. 831 (Jan. 23, 2017) (qualified immunity inquiry includes determining whether the right was clearly established at the time the defendant acted).

Since the current defendant Connie Bisbee and the defendants Plaintiff proposes to add in the second amended complaint are entitled to immunity, Plaintiff's motion for leave to amend should be denied and this action should be dismissed with prejudice.

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 22) and **DISMISS** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 4, 2019

*/s/ William G. Cobb*
William G. Cobb
United States Magistrate Judge