UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MATTHEW KING,

                Plaintiff,

    v.

STATE OF NEVADA, *et al.*,

                Defendants.

Case No. 3:17-cv-00606-MMD-WGC

ORDER

## I. SUMMARY

This is a civil rights case brought by an individual—Plaintiff Matthew King—who is incarcerated within the Nevada Department of Corrections ("NDOC"). Before the Court is the report and recommendation ("R&R") of Magistrate Judge William G. Cobb (ECF No. 25) relating to Plaintiff's motion for leave to file a Second Amended Complaint ("SAC") (ECF No. 22). Plaintiff filed an objection to the R&R (ECF No. 26), to which Defendant Connie Bisbee, former Chairman of the Nevada Board of Parole Commissioners ("Board"), responded (ECF No. 29). For the following reasons, the Court overrules Plaintiff's objection.

## II. BACKGROUND

The Court screened Plaintiff's First Amended Complaint ("FAC") and allowed him to proceed with a single equal protection claim against Defendant Bisbee based on the allegation that Bisbee added a point to his parole risk assessment solely because he is male. (ECF No. 7 at 5.) Plaintiff's proposed SAC would add other current and former Board members as Defendants. (*See* ECF No. 22-1 at 2-3.)

## III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* In light of Plaintiff's objection, the Court will engage in a *de novo* review to determine whether to adopt Magistrate Judge Cobb's R&R.

## IV. DISCUSSION

Judge Cobb recommended denying Plaintiff's Motion and dismissing this action with prejudice because parole board members are entitled to absolute immunity. (ECF No. 25 at 3.) Judge Cobb also noted that the Board members here would be entitled to qualified immunity. (*Id.* at 4.)

The Court agrees that the Board members are entitled to absolute immunity. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981) ("[P]arole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications."); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009). Accordingly, the Court will adopt Judge Cobb's R&R and dismiss this case with prejudice as amendment would be futile.

Two of Plaintiff's objections relate to Judge Cobb's qualified immunity analysis. (ECF No. 26 at 2-4.) But the Court accepts Judge Cobb's R&R based on his absolute immunity analysis, not his qualified immunity analysis. Accordingly, the Court overrules Plaintiff's first two objections.

Plaintiff also objects that Judge Cobb lacks the authority to grant Defendants quasi-judicial classification or power. (ECF No. 26 at 4-7.) But Judge Cobb's finding of absolute immunity is based on binding Ninth Circuit precedent. Accordingly, the Court overrules Plaintiff's third objection.

Plaintiff further objects to Judge Cobb's suggestion that Plaintiff file a petition for a writ of habeas corpus. (ECF No. 26 at 7.) The Court notes that Plaintiff disagrees with Judge Cobb's suggestion but the fact remains that Plaintiff cannot maintain an action for money damages under 42 U.S.C. § 1983 against parole board officials. *See Brown*, 554

F.3d at 751. Plaintiff remains free to consider the matter further and file a habeas action if he chooses.

**V.     CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the objection before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 26) is overruled.

It is further ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 25) is accepted and adopted in its entirety.

It is further ordered that Plaintiff's motion for leave to file a second amended complaint (ECF No. 22) is denied.

It is further ordered that this case is dismissed with prejudice. The Clerk of the Court is instructed to close this case.

DATED THIS 1st day of May 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE